Kevin Hahn, #024277
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Second Floor
Irvine, California  92612
Phone:  (949) 252-9400
Facsimile:  (949) 252-1032
*kevin@mclaw.org*

Attorneys for Movant
SAXON MORTGAGE SERVICES, INC.,
and its successors and/or assignees

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA, PHOENIX DIVISION**

| | |
|---|---|
| In re:<br><br>TODD S. TULLY AND LINDA C. TULLY,<br><br>Debtors,<br>SAXON MORTGAGE SERVICES, INC., and its successors and/or assignees,<br><br>Movant,<br>vs.<br><br>TODD S. TULLY AND LINDA C. TULLY, Debtors, and RUSSELL BROWN, Trustee,<br><br>Respondents. | Chapter 13<br><br>Case No. 2:10-bk-06040-RTB<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>[Re: 8371 W. MAYA DRIVE, PEORIA, AZ 85383] |

**TO THE HONORABLE REDFIELD T. BAUM, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTORS, THE DEBTORS' COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that SAXON MORTGAGE SERVICES, INC., and its successors and/or assignees ("SAXON MORTGAGE SERVICES, INC."), has filed the attached Motion For Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 13 case.

This Motion is based upon the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

1 | Dated: May 3, 2010                    Respectfully Submitted,
2 |                                       MALCOLM ♦ CISNEROS.A Law Corporation
3 |
4 |                                       By: /s/ Kevin Hahn, #024277
5 |                                           Kevin Hahn, Esq.
6 |                                           Attorney for Movant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTORY STATEMENT

SAXON MORTGAGE SERVICES, INC. requests the Court to grant it relief from the automatic stay because Movant's interest in the Property is not adequately protected, because there is no equity in the Property to benefit the Debtors or the estate, because it is the Debtors' intention to surrender the Property as stated in the Chapter 13 Plan and because the Debtors have failed to make post petition payments.

## II.

## STATEMENT OF FACTS

1. **The Secured Debt.** On or about February 18, 2005, TODD S. TULLY AND LINDA C. TULLY made and delivered a Promissory Note in the original principal amount of $298,320.00, secured by a First Priority Deed of Trust on the Property commonly known as 8371 W. MAYA DRIVE, PEORIA, AZ 85383 (the "Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "A" and "B," respectively.

Mortgage Electronic Registration Systems, Inc. is the nominee under the Note and Deed of Trust and therefore, the proper party in interest. Saxon Mortgage Services, Inc. is the Servicer of the Note and Deed of Trust. The MERS Servicer Identification Number which reflects Saxon Mortgage Services, Inc. as the Servicer under the Note and Deed of trust is attached hereto as Exhibit "C".

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the MARCH 1, 2010 payment. As a result of the default, SAXON MORTGAGE SERVICES, INC. desires to record a Notice of Sale against the Property. The total delinquency under the Note is set forth in detail on Exhibit "D" to the Motion

3. **The Debtors' Interest In The Property.** The Debtors are the owners of record of the Property.

///

///

4. **The Filing Of The Instant Petition.** On or about March 8, 2010, TODD S. TULLY AND LINDA C. TULLY filed the instant Chapter 13 Petition as Case No. 2:10-bk-06040-RTB.

5. **The Post-Petition Delinquency.** The Debtors have failed to make post-petition payments that have come due. The total post-petition delinquency is set forth below:

| | | |
|---|---|---|
| 2 Payments at $1,208.04= | $ | 2,416.08 |
| **Total "Post-Petition" Balance Due:** | **$** | **2,416.08** |

6. **The Total Indebtedness Under The First Note.** The total indebtedness owed to SAXON MORTGAGE SERVICES, INC., exclusive of attorneys' fees, is as follows:

| | | |
|---|---|---|
| Principal Balance: | $ | 298,320.00 |
| Interest Accrued to April 28, 2010: | $ | 2,819.82 |
| **TOTAL:** | **$** | **301,139.82** |

7. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITORS | LIEN AMOUNT | |
|---|---|---|
| 1. SAXON MORTGAGE SERVICES, INC. (1st TRUST DEED) | $ | 301,139.82 |
| 2. Mtgsvc/Chrls Schwab Bk (2nd TRUST DEED) | $ | 57,164.00 |
| **TOTAL:** | **$** | **358,303.82** |

8. **The Value Of The Property.** By the Debtors' own admission, the Property has a fair market value of only $198,500.00. Accordingly, there is no equity in the Property to benefit the Debtors or the estate. True and correct copies of the Debtors' Schedule A, Schedule D, and Chapter 13 Plan are attached hereto as Exhibit "E."

*///*
*///*
*///*
*///*
*///*

## III.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) BECAUSE MOVANT'S INTEREST IN THE PROPERTY IS NOT ADEQUATELY PROTECTED.

The evidence demonstrates that SAXON MORTGAGE SERVICES, INC.'s interest in the Property is not protected by an adequate equity cushion. By the Debtors' own admission, the Property has a fair market value of $198,500.00, leaving no equity cushion available for SAXON MORTGAGE SERVICES, INC. Based on the foregoing, the stay should be terminated immediately. SAXON MORTGAGE SERVICES, INC. has satisfied its burden under Section 362(d)(1).

## IV.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY.

The evidence demonstrates that there is no equity in the Property. By the Debtors' own admission, the Property has a fair market value of $198,500.00, while the total indebtedness on the Property is $358,303.82. Based on the foregoing, the stay should be terminated immediately. SAXON MORTGAGE SERVICES, INC. has satisfied its burden under Section 362(d)(2).

## V.

## THE AUTOMATIC STAY SHOULD BE TERMINATED BASED ON THE DEBTORS' FAILURE TO MAKE POST-PETITION PAYMENTS.

Ninth Circuit case law clearly sets forth the duty of Chapter 13 Debtors to maintain post-petition contractual installment payments to secured lenders as a condition for eligibility for Chapter 13 relief. In <u>In re Gavia</u>, 24 B.R. 573 (Bankr. 9th Cir. 1982), the Bankruptcy Appellate Panel held that the Debtors who lack sufficient regular income to enable them to maintain current contractual installment payments as well as payments under a Chapter 13 Plan are ineligible for Chapter 13 relief.

In <u>In re Ellis</u>, 60 B.R. 432 (Bankr. 9th Cir. 1986), the Bankruptcy Appellate Panel held that post-confirmation defaults on payments to secured lenders constitutes cause for terminating the automatic stay under Section 362(d)(1), and that it is the Debtors' burden to show that no cause exists.

As set forth in the Motion herein, the stay should be terminated immediately based on the Debtors' failure to make the regular monthly post-petition payments in the instant case.

## VI.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) FOR CAUSE AS THE DEBTORS ARE SURRENDERING THE PROPERTY.

The evidence demonstrates that it is the Debtors' intention to surrender the Property as stated in the Chapter 13 Plan. Based on the foregoing, the stay should be terminated immediately. SAXON MORTGAGE SERVICES, INC. has satisfied its burden under Section 362(d)(1).

## VII.

## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, SAXON MORTGAGE SERVICES, INC. requests that the Court take judicial notice of the following facts:

1. The Property has a fair market value of $198,500.00. <u>See</u> Exhibit "E."
2. The Property is encumbered by a second deed of trust. <u>See</u> Exhibit "E."
3. The Debtors intend to surrender the Property. <u>See</u> Exhibit "E."

## VIII.

## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow SAXON MORTGAGE SERVICES, INC. to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Furthermore, SAXON MORTGAGE SERVICES, INC. is specifically requesting the Court to award Movant's attorneys fees and costs incurred in connection with this matter.

Dated: May 3, 2010                      Respectfully Submitted,

                                         MALCOLM ♦ CISNEROS.A Law Corporation

                                         By: /s/ Kevin Hahn, #024277
                                               Kevin Hahn, Esq.
                                               Attorney for Movant